IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER JAMES SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:16-cv-156-WKW-GMB |
| ) | |
| MONTGOMERY POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the *pro se* complaint of Plaintiff Peter James Smith. Doc. 1. The case was referred to the undersigned United States Magistrate Judge for consideration and disposition pursuant to 28 U.S.C. § 636. Doc. 4. Because Smith has moved for leave to proceed *in forma pauperis* (Doc. 2), the court must review his complaint pursuant to the provisions of 28 U.S.C. § 1915(e)(2). This statute instructs the court to dismiss any action in which it is determined that an *in forma pauperis* applicant's lawsuit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)−(iii). After a careful review of the complaint, and giving due consideration to Smith's *pro se* status, the undersigned recommends that this case be dismissed prior to service of process pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii).

## I. BACKGROUND

Smith commenced this action on March 9, 2016, naming as defendants Montgomery Mayor Todd Strange ("Mayor Strange"), Public Safety Director Christopher Murphy ("Director Murphy"), Chief of Police Lionel Finley ("Chief Finley"), District Attorney Darelle Bailey ("D.A. Bailey"), the Montgomery Police Department ("MPD"), and the City of Montgomery, Alabama ("the City"). Smith does not specify which claims are alleged against each defendant, so the court assumes that he intends to allege all claims against all defendants. *See* Doc. 1.

Smith claims that, on March 8, 2016, he was arrested for criminal trespass at "6651 Atlanta Highway, Montgomery, Alabama 36117." Doc. 1 at 1. Smith had also been arrested at that same location on February 1st and 11th of 2016. Doc. 1 at 1. Smith claims that all of those arrests occurred while he was "standing or sitting in front of a vacant business space on the public sidewalk" and that he was "not inside of a business."[1] Doc. 1 at 1. Smith also alleges that he was tried in Montgomery Municipal Court on February 10, 2016 for charges stemming from an October 11, 2015 arrest and that those charges were dismissed at trial. *See* Doc. 1 at 1. Smith claims that because he has been arrested repeatedly for the same criminal charge (i.e., criminal trespass at the same location), and because the charges arising out of his October 11, 2015 arrest were dismissed, any subsequent arrest for criminal trespass at this location was a violation of the Double Jeopardy Clause of the Fifth Amendment. *See* Doc. 1 at 1–2 (stating that

---

[1] Smith makes similar allegations, albeit directed at a different defendant, regarding this and other arrests in a separate case pending before the undersigned. *See* Civil Action No. 2:16-cv-218-WKW-GMB. The court is also recommending dismissal of that case under 28 U.S.C. § 1915(e)(2)(B).

"[t]he fact that I was arrested prior to an already set trial and than [sic] after a 'Null Process' by these two white officers violated my civil rights through the Federal crime known as 'Double Jeopardy'").

Smith also complains about the seizure of various personal items. *See* Doc. 1 at 2–3. Specifically, Smith claims that his mailbox key was seized during an arrest on February 5, 2015 at a Montgomery Area Transit System bus stop. Doc. 1 at 2. He also claims that his "Food Stamp or SNAP EBT card was also seized and not returned, a Troy State Photo I.D., Higher ONE Debit Card were also seized and not returned." Doc. 1 at 3. Smith alleges that his prescription medications, driver's license, and other personal belongings were left on the sidewalk after his arrest on March 8, 2016. Doc. 1 at 3. He claims that, as a result of the seizure of his mailbox key, he was unable to vote during the "2016 Primary Election" resulting in "Voteing [sic] Rights Discrimination." Doc. 1 at 4. Finally, Smith was unable to receive a "hireing [sic] class decertification packet from the parties in Reynolds v. Dept./Transportation, et al. case # 2:85-cv-00665-MHT-CSC." Doc. 1 at 4. As a result of these various seizures, Smith claims he has "missed important dates and deadlines in [the *Reynolds*] case." Doc. 1 at 4.

Smith's claims include a "[v]iolation of the federal law known as 'Double Jeopardy'" and the "'Shephard-Byrd [sic] Hate Crime Act,'" which appears to be a reference to the Matthew Shepard Act, 18 U.S.C. § 249. Doc. 1 at 4–5. Smith requests "[r]elief for sitting in the back seat of a police car handcuffed for a period of . . . 1 hour in hot temperatures with the windows up and no air conditioning in violation of my Civil Rights while we waited for another unit to transport me to the City Jail." Doc. 1. at 5.

3

Smith also requests relief for "defamation, harassment and false imprisonment" in addition to "Voteing [sic] Rights Discrimination."[2] Doc. 1 at 5.

## II.  STANDARDS OF REVIEW

Under § 1915, a claim may be dismissed as "frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim is frivolous as a matter of law when the defendants are immune from suit or the claim seeks to enforce a right that clearly does not exist. *Id.* at 327–28.  A claim may also be dismissed under § 1915 for failure to state a claim upon which relief may be granted. *Mitchell v. Farcass*, 112 F.3d 1483, 1491 (11th Cir. 1997) (Lay, J., concurring).  To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations must show plausibility. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level" and must be a "plain statement possessing enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 555, 557 (internal quotation marks omitted).  Further, when a successful affirmative defense, such as the statute of limitations, appears on the face of the complaint, dismissal for failure to state a claim is also warranted. *Jones v. Bock*, 549 U.S. 199, 215 (2007).

When considering a *pro se* litigant's allegations, a court holds him to a more

---

[2] The court construes Smith's general request for "relief" as a request for monetary relief only.

4

lenient standard than that of an attorney, but it will not rewrite an otherwise deficient complaint in order to sustain an action. *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168–69 (11th Cir. 2014). A plaintiff's factual allegations are treated as true, but conclusory assertions and a recitation of a cause of action's elements are not. *Iqbal*, 566 U.S. at 681.

### III. DISCUSSION

**A.  Federal Claims**

    *1.  Matthew Shepard Act*

Smith's complaint attempts to assert a "hate crime" claim against the defendants under the Matthew Shepard Act, 18 U.S.C. § 249. This claim fails for two reasons. First, Smith's complaint does not allege any plausible facts demonstrating a violation of this act by any of the defendants. Second, and more importantly, even if Smith's complaint did include such allegations, the Matthew Shepard Act is a federal criminal statute that does not provide civil litigants with a private right of action. *See* 18 U.S.C. § 249 (2012); *Smith v. Game Stop*, 2016 WL 3360673, at *2 (M.D. Ala. Apr. 20, 2016) (finding that almost identical claim brought by Smith against a different defendant in a separate action was due to be dismissed because the Matthew Shepard Act does not provide a private right of action), *adopted by* 2016 WL 3360699 (M.D. Ala. June 9, 2016); *Godfrey v. Ross*, 2011 WL 6012607, at *5 (E.D. Cal. Dec. 1, 2011) (finding that Matthew Shepard Act does not provide a private civil right of action); *Lee v. Lewis*, 2010 WL 5125327, at *2 (E.D.N.C. Oct. 28, 2010) (same). Thus, Smith's purported claim under the Matthew Shepard Act is due to be dismissed prior to service of process because it is frivolous and

fails to state a claim upon which relief can be granted.

### 2. *Voting Rights Discrimination*

Smith's complaint also includes a perfunctory claim for "voting rights discrimination" based on his inability to vote in the "2016 Primary Election" because his mailbox key allegedly had been seized in connection with the events giving rise to his complaint. The Voting Rights Act prohibits a person acting under color of law from refusing to permit a person to vote who is entitled to vote. *See* 52 U.S.C. § 10307(a). To the extent Smith is attempting to assert a claim under this Act, or under any other law that prohibits discrimination in voting, Smith's complaint fails to allege plausible facts that would establish a violation of Smith's voting rights by any of the defendants. Thus, Smith's claim for voting rights discrimination is due to be dismissed as frivolous and for failure to state a claim upon which relief can be granted.

### 3. *Section 1983 Claims*

The remainder of Smith's federal claims are construed by the court as 42 U.S.C. § 1983 claims for violations of his Fourth and Fifth Amendment rights under the United States Constitution. Because Smith fails to specify whether he is bringing his § 1983 claims against the defendants in their official capacities, their individual capacities, or both, the court will construe his complaint liberally to assert both types of claims. And, as with Smith's other federal claims, the court finds that his § 1983 claims are also due to be dismissed prior to service of process for failure to state claims upon which relief can be granted.

      **a.     Mayor Strange, Public Safety Director Murphy, and Chief Finely**

For liability purposes, "an official capacity suit is, in all respects other than name, to be treated as a suit against the [governmental entity for which the named individual serves]." *Kentucky v. Graham*, 473 U.S. 159, 165 (1985). Thus, because Smith's § 1983 claims against Mayor Strange, Public Safety Director Murphy, and Chief Finely are tantamount to claims against the City, and because the City has been made a proper defendant to this action, Smith's § 1983 claims against these defendants in their official capacities are duplicative and, thus, due to be dismissed. *See, e.g.*, *Summers v. City of Dothan, Ala.*, 2009 WL 230128, at *1 (M.D. Ala. Jan. 30, 2009) (dismissing official capacity claims against police chief as duplicative of claims against the city); *Brown v. Neumann*, 188 F.3d 1289, 1290 n.1 (11th Cir. 1999); *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991).

The court notes that Smith does not allege in his complaint that Mayor Strange, Public Safety Director Murphy, or Chief Finely were personally involved with the events giving rise to this lawsuit. Thus, to the extent Smith is attempting to assert his § 1983 claims against these defendants in their individual capacities, he does so by virtue of their supervisory positions with the City. However, it is "well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003) (internal quotation marks omitted). Under § 1983, supervisory liability occurs only when the supervisor personally participates in the

alleged misconduct or when there is a causal connection between the supervising official's actions and the alleged constitutional deprivation. *Childress v. Walker*, 943 F. Supp. 2d 1332, 1350 (M.D. Ala. 2013) (noting that "[t]he standard by which a supervisor is held liable in [his] individual capacity for the actions of a subordinate is extremely rigorous" (internal quotation marks omitted)). As noted above, Smith does not allege that Mayor Strange, Public Safety Director Murphy, or Chief Finely personally participated in the alleged misconduct giving rise to his constitutional claims, nor does he allege any causal connection between these defendants' actions and the alleged deprivation of his constitutional rights. Therefore, Smith's § 1983 claims against Mayor Strange, Public Safety Director Murphy, and Chief Finely in their individual capacities are due to be dismissed prior to service of process for failure to state claims upon which relief can be granted.

      **b.**      **District Attorney Bailey**

Because an official capacity suit is treated as a suit against the governmental entity for which the public official serves, a suit against D.A. Bailey in his official capacity is considered to be a suit against the State of Alabama. *See, e.g.*, *Hall v. Alabama*, 2010 WL 582076, at *11 (M.D. Ala. Feb. 18, 2010) (stating that a suit against prosecutors in their official capacities is tantamount to a suit against the state because the prosecution of state offenses is a "state-created power"); *see also Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1524 (11th Cir. 1990). Under the Eleventh Amendment, states and their agencies are generally immune from lawsuits brought by citizens unless this immunity is abrogated by Congress under section five of the 14th Amendment or expressly waived by

the state. *See Carr*, 916 F.2d at 1524–25.  Neither exception has been alleged here.  Thus, D.A. Bailey is immune from Smith's § 1983 official capacity claims under the Eleventh Amendment.[3]

To the extent Smith asserts his § 1983 claims against D.A. Bailey in his individual capacity, "[a] prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999).  Prosecutorial immunity "extends to a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id.* (internal quotation marks omitted).  Prosecutors enjoy only qualified immunity for acts not associated with their role as an advocate for the state. *Id.* at 1282–83.  Because Smith has not made any specific allegations concerning D.A. Bailey's conduct and instead complains generally of his treatment by the legal system, the court finds that Smith's claims implicate only D.A. Bailey's role as an advocate for the state, and, therefore, D.A. Bailey is absolutely immune from Smith's § 1983 individual capacity claims.

          **c.**      **Montgomery Police Department and the City**

While police departments are generally not considered legal entities subject to a lawsuit, "capacity to sue or be sued [is] determined by the law of the state in which the district court is held." *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992).  Although

---

[3] The court notes that a state is also not a "person" for purposes of a § 1983 claim; thus, Smith's § 1983 claims against D.A. Bailey in his official capacity, which are, in essence, claims against the State of Alabama, are due to be dismissed for failure to state a claim upon which relief can be granted. *See, e.g.*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

there is "residual uncertainty as to whether Alabama law permits a municipal police department to be sued and as to whether a suit against such a police department may or should be construed as one against the municipality," courts "may properly construe a suit against a municipal police department as a suit against the municipality." *Caffey v. Mobile Police Dep't*, 2015 WL 5399094, at *1 (S.D. Ala. Nov. 5, 2012). Accordingly, the court will treat Smith's § 1983 claims against MPD as claims against the City.

A municipality is not subject to respondeat superior liability. *Snow ex rel. Snow v. City of Citronelle*, 420 F.3d 1262, 1270 (11th Cir. 2005) (citing *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)). Instead, to state a claim against a municipality under § 1983, the plaintiff must allege that a "deprivation of constitutional rights occurred as a result of an official government policy or custom." *Cooper v. Dillon*, 403 F.3d 1208, 1221 (11th Cir. 2005) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). "A policy is a decision that is officially adopted by the municipality, or created by an official of such rank that he or she could be said to be acting on behalf of the municipality . . . . A custom is a practice that is so settled and permanent that it takes on the force of law." *Id.* (quoting *Sewell v. Town of Lake Hamilton*, 117 F.3d 488, 489 (11th Cir. 1997)). "Section 1983 only 'imposes liability on a government that, under color of some official policy, causes an employee to violate another's constitutional rights.'" *Lietzke v. Bright*, 2007 WL 1441200, at *4 (M.D. Ala. May 16, 2007) (quoting *Monell*, 436 U.S. at 692) (internal quotation marks omitted).

For Smith to maintain a viable § 1983 claim against the City, his complaint must allege that a deprivation of his constitutional rights resulted from an official City policy

or custom. Smith's complaint, however, is devoid of any such allegation, and this flaw is fatal to his claims against the City. *See* Doc. 1. As a result, Smith's § 1983 claims against the City for violations of his Fourth and Fifth Amendment rights are due to be dismissed for failure to state claims upon which relief can be granted.

**B.     State Law Claims**

Finally, Smith's complaint purports to assert state law claims against the defendants for defamation, harassment, and false imprisonment. Since the court has recommended dismissal of Smith's federal claims, it is appropriate for the court to decline to exercise supplemental jurisdiction over his remaining state claims pursuant to 28 U.S.C. § 1367. *See* 28 U.S.C. § 1367(c)(3) (stating that the district court may decline to exercise supplemental jurisdiction over a claim if "the district court has dismissed all claims over which it has original jurisdiction").

## IV.  CONCLUSION

Accordingly, for the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED prior to service of process under 28 U.S.C. §§ 1915(e)(2)(B)(i), (ii) and (iii).

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than November 10, 2016**. Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to which the party is objecting. Frivolous, conclusive, or general objections will not be considered by the District Court. The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not

appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 27th day of October, 2016.

                                                /s/ Gray M. Borden
                                      UNITED STATES MAGISTRATE JUDGE