IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PETER JAMES SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-CV-156-WKW |
| | ) | (WO) |
| THE MONTGOMERY POLICE | ) | |
| DEPARTMENT, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

On October 27, 2016, the Magistrate Judge filed a Recommendation (Doc. # 10) that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1367(c)(3). On November 30, 2016, Plaintiff Peter James Smith filed timely objections. (Doc. # 14.) The court has conducted an independent and *de novo* review of those portions of the Recommendation to which objection is made. *See* 28 U.S.C. § 636(b).

In his objections, Smith fails to address the following conclusions of law in the Magistrate Judge's Recommendation: (1) that 18 U.S.C. § 249 is a criminal statute that does not give rise to a civil action for commission of a hate crime; (2) that Smith's complaint fails to allege plausible facts that would establish a violation of Smith's voting rights by any of the Defendants named in the complaint; (3) that Smith failed to allege facts sufficient to establish that

Defendants Todd Strange, Christopher Murphy, and Lionel Finely are liable under 42 U.S.C. § 1983 either in their personal or official capacities; (4) that Defendant Daryl D. Bailey is not subject to a § 1983 suit because he enjoys prosecutorial immunity; (5) that Smith has not alleged facts sufficient to establish that Defendants City of Montgomery and the Montgomery Police Department are liable under § 1983; and (6) that the court should decline to exercise jurisdiction over Smith's state law claims under 28 U.S.C. § 1367(c).  Smith reiterates the claims addressed by the Magistrate Judge, but he does not provide additional specific information as to the manner in which each particular Defendant violated his rights.  The facts and arguments stated in Smith's objections are not sufficiently specific or material to cure the pleading deficiencies noted by the Magistrate Judge.

Smith suggests that his arrest for criminal trespass on March 8, 2016 constituted unconstitutional exposure to double jeopardy because he was also arrested on other occasions for other alleged instances of criminal trespass.  The Double Jeopardy Clause of the Fifth Amendment states that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb."  U.S. Const. amend. V.  Charges arising out of different transactions or occurrences are not charges for the "same offense" and do not implicate the Double Jeopardy Clause.  *See Blockburger v. United States*, 284 U.S. 299, 302 (1932) (stating that

"[e]ach of several successive [transactions] constitutes a distinct offense, however closely they may follow each other").

Smith further asserts that employees of Defendant City of Montgomery viewed his medical information in violation of the privacy protections afforded by the Health Insurance Portability and Accountability Act ("HIPAA"), 29 U.S.C. § 1181 *et seq*. (Doc. # 14 at 2.) HIPAA does not provide a private right of action. *See Crawford v. City of Tampa*, 397 F. App'x 621, 623 (11th Cir. 2010) ("[N]o private right of action exists under the Health Insurance Portability and Accountability Act."); *Sneed v. Pan Am. Hosp.*, 370 F. App'x 47, 50 (11th Cir. 2010) ("We decline to hold that HIPAA creates a private cause of action . . . or rights that are enforceable through § 1983.").

In light of (1) the deference due the pleadings of *pro se* plaintiffs; (2) the fact that Smith is entitled to one opportunity to amend his complaint before dismissal under §1915(e) if amendment would be required by Rule 15 of the Federal Rules of Civil Procedure, *Troville v. Venz*, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002); and (3) the fact that Smith's voting rights and 42 U.S.C. § 1983 claims are potentially subject to dismissal under § 1915(e) because the facts alleged are not sufficient to support those claims, the court concludes that Smith should be afforded an opportunity to adequately plead his voting rights and 42 U.S.C. § 1983

claims.[1]  Accordingly, it is ORDERED that the Recommendation of the Magistrate Judge (Doc. # 10) is ADOPTED IN PART and REJECTED IN PART as follows:

1. Smith's claims against all Defendants for violation of 18 U.S.C. § 249 are DISMISSED with prejudice.

2. Smith's claims against Defendant Daryl D. Bailey are DISMISSED with prejudice, and Defendant Bailey is DISMISSED from this action.

3. To the extent that Smith is attempting to state a claim against any Defendant for an arrest in violation of the constitutional protection against double jeopardy, his double jeopardy claims against all Defendants are DISMISSED with prejudice.

4. Smith's HIPAA claim is DISMISSED with prejudice as to all Defendants.

5. At this time, because some federal claims remain pending, the court will not dismiss Smith's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

6. **On or before January 18, 2017**, Smith shall file an amended

---

[1] Upon consideration of Smith's complaint and objections, it is apparent that, even if offered an opportunity to amend, Smith could allege no facts sufficient to support his hate crime claims, his HIPAA claim, his double jeopardy claim, or his § 1983 claims against Defendant Daryl D. Bailey.  Therefore, it is not necessary to provide Smith an opportunity to amend those claims prior to dismissing them with prejudice.  *See Troville v. Venz*, 303 F.3d 1256, 1260 & n.5 (11th Cir. 2002) ("Section 1915(e)(2)(B)(ii) does not allow the district court to dismiss [a *pro se*] *in forma pauperis* complaint without allowing leave to amend when required by Fed. R. Civ. P. 15."); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (holding that leave to amend is not required by Rule 15 "where amendment would be futile").

complaint against Defendants Strange, Murphy, and Finley in their individual capacities;[2] the City of Montgomery; and the Montgomery Police Department. The amended complaint must comply with the following instructions:

    a.    Smith must provide a reasonably particular description of the incident(s) that occurred on or about March 8, 2016, in which he was allegedly deprived of his constitutional rights in violation of 42 U.S.C. § 1983. In this description, Smith must (i) specifically state which of his constitutional rights were violated on or about March 8, 2016; (ii) provide the identity of each Defendant who allegedly deprived him of his constitutional rights on that date and explain what each Defendant did to deprive him of his constitutional rights in violation of §1983; and (iii) specifically identify the policy or custom of the City of Montgomery and/or the Montgomery Police Department that caused the deprivation of his civil rights;

    b.    Smith must provide a reasonably particular description of the incident(s) that occurred on or about February 5, 2016, in which he was allegedly deprived of his constitutional rights in violation of 42

---

[2] In his amended complaint, Smith shall not name Defendants Strange, Murphy, and Finley in their official capacities because those official capacity claims would be duplicative of any claims against Defendants City of Montgomery and the Montgomery Police Department. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the [governmental entity for which the named individual serves].").

U.S.C. § 1983. In this description, Smith must (i) specifically state which of his constitutional rights were violated on or about February 5, 2016; (ii) provide the identity of each Defendant who allegedly deprived him of his constitutional rights on that date and explain what each Defendant did to deprive him of his constitutional rights in violation of § 1983; and (iii) specifically identify the policy or custom of the City of Montgomery and/or the Montgomery Police Department that caused the deprivation of his civil rights;

c. Smith must provide a reasonably particular description of the incident(s) that occurred in which he was allegedly deprived of his voting rights in violation of the Voting Rights Act or any other civil rights statute. In this description, Smith must (i) provide the identity of each Defendant who allegedly deprived him of his voting rights and explain what each Defendant did to deprive him of his voting rights under color of state law or otherwise; and (ii) specifically identify the policy or custom of the City of Montgomery and/or the Montgomery Police Department that caused the deprivation of his voting rights.

d. Smith must provide a reasonably particular description of the incident(s) that gave rise to each of his state law claims. As to each

particular state law claim, Smith must (i) identify each Defendant against which he asserts the claim; and (ii) specifically describe the acts or omissions of each Defendant that give rise to that Defendant's liability on the claim.

***Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), prior to service of the amended complaint and without further opportunity to amend, any claim(s) not stated with adequate specificity in accordance with the above instructions may be dismissed for failure to state a claim upon which relief may be granted. Further, Smith is specifically advised that, if he fails to timely file an amended complaint as required by this order, the District Judge or Magistrate Judge may treat his failure to comply with this order as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and this action may be dismissed.*** Smith is again reminded, as he has been on numerous occasions in this and other cases before this court, that he is responsible for monitoring the progress of his cases and for keeping the court advised of his current address. Because Smith has already been advised on numerous occasions of his responsibilities as a *pro se* litigant, the District Judge or Magistrate Judge may decline to excuse any failure to timely comply with this Order even if Smith fails to timely receive the copy of this Order served on him by the Clerk of the Court.

Pursuant to 28 U.S.C. § 636, it is ORDERED that this case, including the

motion to proceed *in forma pauperis* (Doc. # 4), is referred back to the Magistrate Judge for consideration and disposition or recommendation on all pretrial matters as may be appropriate.

DONE this 23rd day of December, 2016.

                                       /s/ W. Keith Watkins
                            CHIEF UNITED STATES DISTRICT JUDGE