IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PETER JAMES SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO.: 2:16-cv-156-WKW-GMB |
| ) | |
| MONTGOMERY POLICE ) | |
| DEPARTMENT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the *pro se* complaint of Plaintiff Peter James Smith. Doc. 1. Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law. Doc. 4. For the reasons stated herein, the Magistrate Judge RECOMMENDS that this action be DISMISSED with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

Smith commenced this 42 U.S.C. § 1983 action on March 9, 2016, naming as defendants the City of Montgomery, Alabama; the Montgomery Police Department; and several Montgomery city officials. Doc. 1. Smith's claims stem primarily from allegations that he was falsely arrested initially in October of 2015, and again in February and March of 2016. *See generally* Doc. 1. Smith alleges that all of these arrests occurred while he was "standing or sitting in front of a vacant business space on the public sidewalk" and that he

was "not inside of a business."[1] Doc. 1.  For brevity's sake, the court will not restate the details of Smith's factual allegations, which where recited in the undersigned's prior report and recommendation. *See* Doc. 10 at 2–3.

On December 23, 2016, the court ordered Smith to file an amended complaint against Defendants Todd Strange, Christopher Murphy, and Ernest N. Finley, Jr. in their individual capacities, the City of Montgomery, and the Montgomery Police Department no later than January 18, 2017. *See* Doc. 15.  The amended complaint would have been Smith's final opportunity to demonstrate to the court that he has a viable federal cause of action.  Accordingly, the court provided Smith with specific and detailed instructions regarding the contents of the amended complaint. *See* Doc. 15 at 5–7.  Additionally, the court warned Smith, in no uncertain terms, that failure to comply with the order could result in dismissal of this case:

> Further, Smith is specifically advised that, if he fails to timely file an amended complaint as required by this order, the District Judge or Magistrate Judge may treat his failure to comply with this order as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and this action may be dismissed.

Doc. 15 at 7.

The court also reminded Smith of his obligation to monitor the progress of the case, and advised that his failure to receive case-related documents in a timely fashion may not excuse his failure to comply with the order. Doc. 15 at 7.  On January 5, 2017, Smith filed a document styled as a "Notice" accompanied by an "Exhibit A" that did not constitute an

---

[1] Smith made similar allegations, albeit directed at a different defendant, regarding this and other arrests in a separate case, which has since been dismissed. *See Smith v. U.S. Agencies*, No. 2:16-cv-218-WKW-GMB.

amended complaint. Docs. 17 & 17-1.  The next day, the court again reminded Smith of the December 23, 2016 order and the need for his "strict compliance" with its instructions. *See* Doc. 18.  Nevertheless, on January 19, 2017, one day after the amended complaint was due, Smith filed a motion to amend his complaint with a corresponding motion for an extension of time to file the amended complaint. *See* Docs. 20 & 21.  In the latter, Smith stated that he would "inform the court of the amount of time needed to file an amended complaint" if the motion to amend was granted. Doc. 20.  Of course, the court had previously ordered Smith to file an amended complaint, so the motion to amend was not necessary.

Noting that Smith had failed to provide the court with any explanation for his failure to comply with its December 23, 2016 order, on January 23, 2017 the court ordered Smith to show cause no later than February 6, 2017 as to why his motion for an extension should be granted, and to provide the court with the date by which he would be able to file an amended complaint. *See* Doc. 22.  Smith failed to comply with this order, and instead filed yet another motion for an extension of time. *See* Doc. 23 ("Plaintiffs [sic] motion for extension of time to show cause due to plaintiffs [sic] current problems receiveing [sic] notice via U.S. mail.").  It is now the end of February, more than two months since the December 23, 2016 order and over a month since the January 23, 2017 show cause order, and, to date, Smith has failed to abide by either order.  Since his last motion on February 6, Smith has had ample opportunity to file an amended complaint or provide good cause for his inability to do so, but has filed nothing.

## II. DISCUSSION

"The court may dismiss an action *sua sponte* under Rule 41(b) for failure to prosecute or failure to obey a court order." *Brown v. Tallahassee Police Dept.*, 205 F. App'x 802, 802 (11th Cir. 2006); *see also* Fed. R. Civ. P. 41(b). Dismissal has been described as a "sanction of last resort," and is "generally reserved for cases of willful disobedience to court orders." *State Exchange Bank v. Hartline*, 693 F.2d 1350, 1352 (11th Cir. 1982) (internal quotation marks omitted). In addition to the authority vested by Rule 41, the power to dismiss an action "is inherent in a trial court's authority to enforce its orders and ensure prompt disposition of legal actions." *Id.* (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962)). In the Eleventh Circuit, dismissal with prejudice is appropriate only "where there is a clear record of willful contempt and an implicit or explicit finding that lesser sanctions would not suffice." *Gratton v. Great Am. Comms.*, 178 F.3d 1373, 1374 (11th Cir. 2006) (internal quotation marks omitted).

Smith's case is an archetypal failure to prosecute and failure to abide by orders of the court. The language of the court's December 23, 2016 order was clear, unambiguous, and generously explained to Smith the steps he needed to take to file an amended complaint that stated a viable federal cause of action. *See* Doc. 15 at 5–7. Smith was given nearly one month to comply with the order by filing an amended complaint, but instead filed a motion for an extension that, instead of providing the court with an explanation for his noncompliance, stated that he would "inform the court of the amount of time needed to file an amended complaint." Doc. 20. When granted the opportunity to give cause for his failure to comply and provide the court for a date by which he could complete the amended

4

complaint, Smith instead filed yet another motion for an extension. *See* Doc. 23.  It is thus evident that Smith has no intention of complying with orders of the court and filing an amended complaint.  Indeed, Smith has had several weeks between the filing of his last motion and the entry of this report and recommendation to make any filing to attempt to salvage his case, but has not done so.  Despite being given ample opportunity to prosecute his case, Smith has developed a record of willfully violating orders of the court that have repeatedly warned him of the consequences of his failure to comply.

For these reasons, the court concludes that these are precisely the "extreme circumstances" in which a *sua sponte* dismissal is warranted. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989).  The court, mindful of the consequences of a dismissal with prejudice, has considered whether a less drastic sanction is appropriate in this instance.  Because Smith is an indigent plaintiff, there appears to be no possibility of collecting a monetary penalty from him.  Further, there is no indication that any other non-dispositive sanction would suffice to bring Smith into compliance with the court's orders.  Thus, the court has little choice but to conclude that dismissal is necessary.

### III.  CONCLUSION

Accordingly, for the reasons set forth above, it is the RECOMMENDATION of the Magistrate Judge that this case be DISMISSED with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

It is further ORDERED that the parties are DIRECTED to file any objections to the report and recommendation **not later than March 13, 2017**.  Any objections filed must specifically identify the findings in the Magistrate Judge's report and recommendation to

which the party is objecting.  Frivolous, conclusive, or general objections will not be considered by the District Court.  The parties are advised that this report and recommendation is not a final order of the court and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report and recommendation shall bar the party from a *de novo* determination by the District Court of issues covered in the report and recommendation and shall bar the party from attacking on appeal factual findings in the report and recommendation accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. *See Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982).

DONE this 27th day of February, 2017.

                                                         /s/ Gray M. Borden
                                      UNITED STATES MAGISTRATE JUDGE